[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO OPEN JUDGMENTAND RESTORE TO DOCKET
Plaintiff has moved to open judgment and restore this matter to the docket. He claims that defendant Lifton has a conflict of interest because she has admitted that she represented Penny Ross before the CHRO while she was a state employee and a public official, that she was on a panel or hearing officers appointed by the Governor, and that she presided as a hearing officer. Plaintiff refers the court to an advisory opinion Number 97-9 dated May 2, 1997 which states: "Under The Code of Ethics For Public Officials, . . . a public official serving in a judicial capacity at a state agency should not engage in the practice of law before that agency." That opinion has been held not to apply retroactively. Furthermore, that opinion has been interpreted to mean that "Section 1-84b(b) of the General Statutes, which prohibits a public official from appearing before an agency which she/he served for a period of one year after leaving public service, applies to former CHRO hearing officers." (See correspondence dated June 4, 1997 and June 14, 1997 between Philip A. Murphy, Jr., Commission Counsel, and Alan S. Plofsky, Executive Director and General Counsel of State Ethics Commission. (That correspondence is attached to CHRO's objection to plaintiff's motion to open judgment).
General Statutes § 1-84b(b) provides:
 No former executive branch or quasi-public official or state employee shall, for one year after leaving state service, represent anyone, CT Page 10596 other than the state, or compensation before the department, agency, board, commission, council or office in which he served at the time of his termination of service, concerning any matter in which the state has a substantial interest. . . ."
There appears to be no allegation that defendant Lifton actually served as a hearing officer a year or less prior to her representation of Penny P. Ross. This being the case, there has been no violation of § 1-84b(b), nor the Ethics Code as set forth in the advisory opinion.
Accordingly, the plaintiff's motion to open judgment and restore to docket is denied and the objections of defendants Lifton and Commission on Human Rights and Opportunities thereto are sustained.
Allen, Judge Trial Referee